IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTIONETTE CATLETT | * | |
| 9812 Muirfield Drive | * | |
| Upper Marlboro, MD 20772 | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | |
| v. | * | Civil Action No.: |
| | * | |
| RAINBOW USA, INC. d/b/a RAINBOW, | * | |
| 8001 New Hampshire Ave. | * | |
| Langley Park, MD 20783, | * | |
| | * | |
| Serve: Seltzer Sussman & Habermann, LLP | * | JURY TRIAL DEMAND |
| 100 Jericho Quadrangle | * | |
| Jericho, New York 11753 | * | |
| | * | |
| DEFENDANT. | * | |
| | * | |

*****************************************************************************

**COMPLAINT**

Antionette Catlett ("Plaintiff"), by undersigned counsel, hereby submits her Complaint against Defendant Rainbow USA, Inc. d/b/a Rainbow ("Defendant" or "Rainbow").

**STATEMENT OF THE CASE**

1. Rainbow discriminated against Plaintiff because she was pregnant by going back on its plan to promote her to Assistant Store Manager after learning she was pregnant. After Plaintiff complained that delaying or cancelling her promotion because of her pregnancy was discrimination, Rainbow discriminated and retaliated against Plaintiff by terminating her less than three weeks after she complained. Rainbow's actions violated Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, as well as the Maryland Fair Employment Practices Act ("FEPA").

**PARTIES**

2.      Plaintiff is an adult resident of Maryland.  During the relevant time period, Plaintiff was an "employee" of Defendant within the meaning of Title VII and FEPA.

3.      Defendant Rainbow USA, Inc. d/b/a is a New York Corporation.  During the relevant time period, Defendant was Plaintiff's "employer" within the meaning of Title VII and FEPA.

## JURISDICTION AND VENUE

4.      This Court has federal question jurisdiction over Plaintiff's Title VII claims and venue is proper pursuant to 42 U.S.C. § 2000e-5(f)(3) because Defendant formerly employed Plaintiff and committed the unlawful employment practices at its store located at 8001 New Hampshire Avenue, Langley Park, Maryland, 20783, which is in this judicial district.

5.      This Court has supplemental jurisdiction over Plaintiff's FEPA claims pursuant to 28 U.S.C. § 1367.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      On September 8, 2016, Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), which was cross-filed with the Maryland Commission on Civil Rights.

## FACTS

7.      On or about March 15, 2015, Defendant hired Plaintiff as a Sales Associate at its store #1627, located in Langley Park, Maryland.

8.      Plaintiff's job performance was always satisfactory and she never received any negative feedback or discipline.

9.      In or around February/March 2016, Plaintiff discovered that she was pregnant.

10.     Around the same time period in March 2016, Tawanda Barnes ("Barnes"), District Manager for the area including store #1627, offered Plaintiff a promotion to Assistant Store Manager, which she accepted.

11.     At around the beginning of July 2016, Plaintiff approached Barnes and asked her for the effective date of Plaintiff's promotion since Defendant had still not officially promoted Plaintiff to the position of Assistant Store Manager.

12.     In response, Barnes asked Plaintiff if she was pregnant.

13.     Plaintiff truthfully responded and disclosed to Barnes that she was in fact pregnant.

14.     With knowledge of Plaintiff's pregnancy, Barnes explained to Plaintiff that she preferred to promote an individual who was not pregnant and/or Plaintiff's promotion would be delayed until after she gave birth.

15.     Plaintiff attempted to change Barnes' position and explained that her due date was not until December 2016.

16.     Barnes was not persuaded and reiterated that Plaintiff would not be promoted prior to Plaintiff's maternity leave, even though Plaintiff was able to perform all job duties of the Assistant Store Manager.

17.     Plaintiff complained to Barnes that her decision to not promote Plaintiff and/or delay Plaintiff's promotion was discriminatory based on her pregnancy, which Barnes immediately dismissed.

18.     Barnes' demeanor changed in response to Plaintiff's statements and she became visibly irritated with Plaintiff.

19.     Barnes then cautioned Plaintiff that she could promote whomever Barnes wanted to promote based on her prerogative.

20.     On July 5, 2016, Plaintiff learned that Defendant had removed her from the work schedule and Plaintiff had no scheduled shifts.

21.     Plaintiff called Barnes and asked why she had been taken off the work schedule and Barnes falsely alleged that Plaintiff quit.

22.     Plaintiff stated that she had not quit her job but Barnes refused to place Plaintiff back on the work schedule and/or reinstate her employment.

23.     Defendant's stated reasons for Plaintiff's employment termination were not credible and merely pretext to mask unlawful discrimination and retaliation.

24.     As a result of her termination, Plaintiff suffered lost wages and benefits, emotional distress, and attorneys' fees and costs.

## COUNT 1

(Title VII – Pregnancy Discrimination)

25.     Plaintiff repeats and realleges paragraphs 1–25 as if fully set forth herein.

26.     Defendants discriminated against Plaintiff on the basis of her gender and pregnancy when it failed to promote her and terminated her employment.

27.     By and through its conduct, Defendant violated Title VII.

28.     Defendant acted intentionally and with conscious disregard of Plaintiff's rights.

29.     As a result, Plaintiff has sustained damages including lost wages and benefits, mental anguish, emotional distress, pain and suffering, and punitive damages.

## COUNT 2

(Title VII — Reprisal for Engaging in Protected Activity)

30.     Plaintiff repeats and realleges paragraphs 1–30, as if fully set forth herein.

31.     Defendants retaliated against Plaintiff for engaging in protected activity, when it

failed to promote her and terminated her employment.

32.     By and through its conduct, Defendant violated Title VII.

33.     Defendant acted intentionally and with conscious disregard of Plaintiff's rights.

34.     As a result, Plaintiff has sustained damages including lost wages and benefits, mental anguish, emotional distress, pain and suffering, and punitive damages.

## COUNT 3

(FEPA – Pregnancy Discrimination)

35.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1–35.

36.     Defendants discriminated against Plaintiff on the basis of her gender and pregnancy when it failed to promote her and terminated her employment.

37.     By and through its conduct, Defendant violated FEPA.

38.     Defendant acted intentionally and with conscious disregard of Plaintiff's rights.

39.     As a result, Plaintiff has sustained damages including lost wages and benefits, mental anguish, emotional distress, pain and suffering, and punitive damages.

## COUNT 4

(FEPA – Retaliation)

40.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1–40.

41.     Defendants retaliated against Plaintiff for engaging in protected activity, when it failed to promote her and terminated her employment.

42.     By and through its conduct, Defendant violated FEPA.

43.     Defendant acted intentionally and with conscious disregard of Plaintiff's rights.

44.     As a result, Plaintiff has sustained damages including lost wages and benefits, mental anguish, emotional distress, pain and suffering, and punitive damages.

## DEMAND FOR JURY TRIAL

45. Plaintiff hereby demands a trial by jury.

**WHEREFORE**, as a result of the discriminatory conduct and actions of the Defendant herein alleged, Plaintiff demands:

a.  On each Count, ordering Defendant to pay Plaintiff back-pay, loss of earnings constituting the difference between what the Plaintiff was paid and what the Plaintiff would have earned if she had not been subjected to the discrimination suffered, all benefits which would have been afforded Plaintiff but for discrimination; and reinstatement or front pay in lieu of reinstatement;

b.  Enjoining Defendant, its agents, employees, officers, and successors in interest from engaging in the illegal and unlawful customs, policies, and practices described herein;

c.  Awarding Plaintiff $300,000 in compensatory damages for pain and suffering, mental anguish, and emotional distress on each Count, punitive damages, where applicable by statute, in an amount to be determined at trial;

d.  Defendant be ordered to pay Plaintiff pre and post judgment interest;

e.  Defendant be ordered to pay the costs and disbursements of this action, including Plaintiff's attorneys' fees; and

f.  Awarding Plaintiff such other and further relief as the court deems just and proper.


RESPECTFULLY SUBMITTED,

Alan Lescht & Associates, P.C.


By:   /r/Rani Rolston_____
        Rani Rolston (MD Bar # 17402)
        1825 K Street, N.W., Suite 750

Washington, D.C. 20006
T: 202.463.6036
F: 202.463.6067
rani.rolston@leschtlaw.com
*Counsel for Plaintiff*